Judge MAX N. TOBIAS, JR.
hThe plaintiff, Robert R. Lenig (“Len-ig”), seeks review of the decision of the Office of Workers’ Compensation judge granting,the motion for summary judgment filed by Lenig’s former employer, Textron Marine and Land Systems, Inc. (“Textron”). For the reasons that follow, we affirm.
Lenig started employment with Textron as a welder on 14 March 2011. His schedule required that he work a ten-hours per day, four days per week. During his first week of training, Lenig missed work on 17 March 2011, which his time card reflects was due to illness. His time card for the following week indicates that he worked only on 21 and 24 March 2011. No explanation appears as to why he worked only two days that week. Finally, Lenig’s time card for the last week of March reveals that he worked on 28 and 29 March 2011.
Textron discharged Lenig on 30 March 2011. The separation notice states that Lenig lacked the ability to weld in accordance with Textron’s production standards.
On 6 April 2011, Lenig filed a claim with the U.S. Department of Labor for benefits under the Longshore and Harbor Workers’ Compensation Act (“LHWCA”), asserting an injury on 23 March 2011. On 22 April 2011, Lenig | ¡.provided a statement to Textron’s claims adjuster, Angela Kleamenakis, regarding an alleged injury sustained while working for Textron. He indicated confusion regarding the precise day of the injury. Lenig stated that he needed to look at his calendar.
First, Lenig provided the date of 20 March 2011. Then, Lenig guessed the date of 23 March 2011. When questioned by the interviewer, Lenig confirmed 23 March 2011 as the injury date. He averred that he sustained the injury while carrying welding test plates from the weld shop to a dumpster located behind the weld shop. He indicated that two plates welded together weighed thirty pounds. Lenig stated that his back and leg started hurting, and he thought it was from standing and that the pain got progressively worse.
Ultimately, on 16 June 2011, Lenig’s claim was determined not to fall within the ambit of the LHWCA. Lenig filed a disputed claim for compensation with the Office of Workers’ Compensation (“OWG”) on 13 March 2012. His submitted disputed claim for compensation form indicates he sustained an injury on 23 March 2011.
Textron filed a motion for summary judgment on 30 November 2012, arguing that Lenig could not establish the occurrence of a work-related accident.
First, Textron argued that Lenig’s time cards (which were attached to the motion) indicate that Lenig was not at work on 23 March 2011. Thus, Textron concluded that Lenig could not have sustained an injury in the course and scope of his employment on that day.
Further, Textron argued that the evidence did not corroborate the occurrence of a work-related accident, submitting in support thereof the affidavit of Carnell Bridges, the Textron supervisor of weld *1099 ers. Mr. Bridges averred that Lenig never | ¡¡reported a work-related accident and that Lenig presented him work excuses for 17 and 23 March 2011. Mr. Bridges further stated that Lenig did not indicate that he missed work as the result of a work-related accident.
Additionally, Textron submitted Lenig’s medical records, arguing that they do not corroborate the occurrence of a work-related accident.
Lenig’s prior service in the military allowed him to seek treatment at the Veterans Administration Hospital and its associated urgent care clinic (“VA”). The VA records indicate Lenig appeared at the urgent care clinic on 17 March 2011 regarding left leg pain that had started the day before. At the time, Lenig denied that the pain was associated with an injury. Rather, Lenig stated that he had started a new job and was walking more than normal.
The VA records state that Lenig appeared on 22 March 2011 and reported left ankle pain present for a week. Again, Lenig denied an injury to the ankle. Len-ig noted that he was standing for longer periods of time at his new job and that walking triggered pain. Lenig also mentioned numbness and tingling in his hands. The VA records note that Lenig appeared on 23 March 2011, complaining of a burning feeling in his chest. He indicated that he believed his neighbors were fooling around with chemicals. Lenig was observed at that time as having a normal gait. Lastly, the VA records reveal that Lenig appeared on 1 April 2011 at the urgent care clinic “with chronic left leg and left paraspinal muscles x 20 yrs that has worsened over the past month.” Again, the records indicate that Lenig reported that the pain was not associated with an injury. Lenig noted that he had been standing for ten hours per day at his job.
In opposition, Lenig argued that the statement he provided to Textron’s claims adjuster on 22 April 2011 indicated he was confused about the date of the Rinjury. Lenig attached his discovery responses to the opposition together with his affidavit. Lenig averred that during the process of lifting welding test plates, he felt pain in his lower left leg, and ultimately in his lower back. He stated that the problems began on or about 16 March 2011, asserted that he informed his supervisor of the problems with his leg and back resulting from lifting welding test plates, and that he had provided his supervisor slips from the VA. Lenig averred that Ms. Kleame-nakis contacted him to obtain a statement because he had advised Textron that he had suffered a work-related accident. Lastly, Lenig averred that he was mistaken in stating 23 March 2012 as the date of the accident.
After a hearing, the OWC issued a judgment granting Textron’s motion for summary judgment. The OWC opined that Lenig could not prove that he suffered an accident as defined by La. R.S. 23:1021(1). The OWC gave little weight to Lenig’s affidavit over the medical records, noting that Lenig’s affidavit was completed eight days prior to, and in anticipation of, the hearing on the motion for summary judgment. The OWC noted that the medical records did not support a work-related injury, whether utilizing 23 March 2011 as the date of injury, or any other day in March as the date of injury. The OWC noted that the vast majority of VA records indicated pain from repetitive motion, but that Lenig’s “[ejmployment of only 16 days on this job including days off as a welder by trade obviates significant times in which to validly claim entitlement to workers [sic] compensation benefits without *1100 suffering a ‘sudden and precipitous event.’ ”
Lenig timely appealed.
An appellate court reviews the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether the summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480, p. 2 (La.4/11/94),5 634 So.2d 1180, 1183. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Oakley v. Thebault, 96-0937, p. 3 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490; Martinez v. American Steelway Industries, L.L.C., 09-0339, p. 3 (La.App. 4 Cir. 9/2/09), 20 So.3d 526, 528. The burden of proof does not shift to the party opposing summary judgment until the moving party presents a prima facie case that no genuine issues of material fact exist. Id. At that point summary judgment should be granted because if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966 C(2); Martinez, 09-0339, p. 4, 20 So.3d at 528.
Lenig first argues that the OWC erroneously granted Textron’s motion for summary judgment as he presented sufficient proof that the date of the accident was 16 March 2011, not 23 March 2011. Further, he points to the 22 April 2011 recorded statement as evidence that Textron was aware of his confusion regarding the actual date of the accident. A close reading of the decision of the OWC reveals that the OWC found summary judgment to be appropriate whether the accident occurred on 23 March 2011 or on another day in March.[1] The OWC focused on whether or not Lenig presented sufficient evidence to prove that an accident occurred while he was employed at Textron. Considering our finding below, wej^agree that whether the alleged accident occurred on 16 or 23 March 2011 is not relevant to our determination herein.
To recover in a workers’ compensation action, the claimant must establish “personal injury by accident arising out of and in the course and scope of his employment.” La. R.S. 23:1031 A. In this context, an accident is “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1). The Louisiana Supreme Court has stated that:
An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged accident. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 [La.1992] (citing West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Civil Law Treatise, Workers’ Compensation, Section *? 253 (2d Ed. 1980)). As we noted in Bruno, corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. Id.
Ardoin v. Firestone Polymers, L.L.C., 10-0245, p. 5 (La. 1/19/11), 56 So.3d 215, 218-219.
Both Lenig and Textron cite the Bruno decision in support of their arguments. Lenig points to the portion of the decision where the Court states that an employee’s testimony alone is sufficient to establish a work-related accident. See Bruno, 593 So.2d at 361. Textron notes that in an unwitnessed accident, such as the one here, there must be no other evidence that discredits the worker’s 17version of the incident, and the worker’s testimony must be corroborated by circumstances following the alleged incident. Id.
Lenig argues that his affidavit and the recorded statement provided on 22 April 2011 point to the occurrence of an accident while he was in the course and scope of his employment with Textron. Further, Len-ig avers that the medical records reveal that he mentioned work as the cause of his pain and argues that “an ‘accident’ exists when heavy lifting or other strenuous efforts, although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a preexisting condition,” citing Bruno, 593 So.2d at 360.
Nonetheless, as this court has noted, Bruno requires corroboration of Lenig’s testimony. See Shelvin v. Intralox, L.L.C., 06-1418, p. 9 (La.App. 4 Cir. 5/9/07), 957 So.2d 852, 857. In Shelvin, the claimant relied on her deposition testimony to defeat a motion for summary judgment by establishing that an accident occurred during the course and scope of her employment. Id. This court noted that
[t]he medical records contain no mention of any accident or any reference to work restrictions. This and the fact that the plaintiff continued to work for a year after the alleged accident doing the same work casts uncertainty on the reliability of her testimony. Her own un-contradicted testimony alone will not be sufficient for her to bear her burden of proof at trial — she must -have corroboration, and there is nothing in the record to show that she could produce such corroboration at a trial on the merits. An affidavit from a co-worker might have sufficed; something in the medical records referring to the lifting incident or suggesting work limitations might have created a genuine issue of material fact sufficient to warrant referring the matter to the trier of fact at a trial on the merits.
Shelvin, p. 10, 957 So.2d at 858.
Lenig’s affidavit and the recorded statement refer to an accident that occurred during the course and scope of his employment with Textron, which | «resulted in an injury. Yet, he fails to provide corroboration of the accident. Lenig presented Tex-tron work excuses from the VA that lacked any mention of a work-related accident, any work limitations, or even the reason for the visit to the VA. The VA record for the 17 March 2011 visit reveals that Lenig stated that he had been exerting himself more than he was used to as he started a new job and that he had been walking more than usual. The VA record for the 22 March 2011 visit indicates that Lenig stated that he had been standing at work for long periods, and that walking triggered the pain. In both visits, he denies an injury. Lastly, the VA record for the 1 April 2011 visit indicates that Lenig complained of “chronic left leg and left para-spinal muscles x 20 yrs that has worsened over the past month.” He reported that he had been standing ten hours a day at a *1102 job. At all three visits, Lenig specifically denied that his pain was due to an injury. No medical record indicates heavy lifting or other strenuous efforts led to Lenig’s complaints of pain. Instead, the VA records indicate Lenig complained of pain after walking or standing. Neither walking nor standing are strenuous efforts in the context of this case and therefore do not constitute an accident as contemplated by La. R.S. 23:1021(1).
Our de novo review has disclosed no evidence sufficient to create a genuine issue of material fact concerning Lenig’s ability to corroborate his testimony or to dispel the doubtful circumstances of his version of the incident. No trial on the merits is warranted.
Accordingly, the judgment of the OWC is affirmed, and Robert Lenig’s claim is dismissed with prejudice.
AFFIRMED.

. The OWC utilized the alternate accident date of 15 March 2011. We find this to be a typographical error as Lenig argued that the accident occurred on 16 March 2011.