| MARILYN GIBSON | * | NO. 2020-CA-0033 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| WAL-MART LOUISIANA, LLC | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 18-07375, DISTRICT "08"
HONORABLE Catrice Johnson-Reid, The Office of Workers' Compensation
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

*BROWN, J., CONCURS IN THE RESULT*

Joseph "Jay" G. Albe, Jr.
ALBE LAW FIRM, LLC
236 Fremeaux Avenue
Slidell, LA 70458

COUNSEL FOR PLAINTIFF/APPELLANT

Keith J. Landry
ALLEN & GOOCH
3900 N. Causeway Blvd., Suite 1450
Metairie, LA 70002

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**
**AUGUST 27, 2020**

*SCJ*

*JCL*

This is a workers' compensation case. Plaintiff/appellant Marilyn Gibson appeals a July 30, 2019 judgment granting a motion for summary judgment filed by Ms. Gibson's employer, defendant/appellee Walmart, Inc. ("Walmart"). For the reasons that follow, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 1, 2018, Ms. Gibson filed a Disputed Claim (Form 1008) with the Office of Workers' Compensation ("OWC"). Ms. Gibson, a department manager for Walmart, claimed that she sustained multiple injuries at work on the morning of June 1, 2018. In her Form 1008, she asserted that she injured "both shoulders, neck, mid back, [and] lower back" while picking up large boxes of clothes during her shift at the Walmart Super Center on Bullard Avenue in New Orleans. In the claim form, she alleged that she reported the accident two days later to another department manager.

1

Prior to this alleged accident, Ms. Gibson had sustained a work-related knee injury on January 29, 2018, when she tripped over a metal pipe at Walmart. She was out of work for a period of time, returning to work on or about June 1, 2018. She had been cleared to return to work by her treating physician, Russell Russo, M.D.[1]

Within a few days of her return to work on June 1, 2018, Ms. Gibson said that she was picking up a large box of clothes when she felt an intense pain. She said that when she picked up the box, she exclaimed "Oh," and two other department managers, Trellis Kelly and Shawanda Gardner, told her "Don't. You just got back. You should take it easy." According to Ms. Gibson, Ms. Kelly and Ms. Gardner assisted her in performing her work duties over the next few days. In their depositions, however, Ms. Kelly and Ms. Gardner denied any knowledge of Ms. Gibson's alleged accident or injury.

Ms. Gibson was confused in her recollection of the accident date. In her 1008 Form, Ms. Gibson attested that the accident occurred on June 1, 2018. In her 1008 Form, Ms. Gibson also stated that she went to see Dr. Russo on the afternoon of June 1, 2018 because he was still treating her knee injury from her prior work injury in January 2018. According to Dr. Russo's notes of the visit, Ms. Gibson said that the knee pain was resolving but that she now had "nonspecific" pain in her shoulders and hips, with "generalized overwhelming achiness in these areas." Dr. Russo suggested it could be from starting a new workout routine and physical therapy. Ms. Gibson agreed. She did not mention her accident to Dr. Russo.

---

[1] A full and final settlement of this claim was approved by OWC on May 22, 2018.

Ms. Gibson next saw Dr. Russo on July 25, 2018. At that time, she reported the same complaints of "generalized achiness" which was documented in the June 1st progress note. Now, however, Ms. Gibson claimed that her complaints were due to lifting a box at work.

Dr. Russo referred Ms. Gibson to Dr. Joshua Kaufman at the Louisiana Pain Specialists. Dr. Kaufman examined her on October 16, 2018. Although Ms. Gibson mentioned an alleged work accident, Dr. Kaufman noted that "she has been experiencing this pain for several years." A pain management questionnaire contained in Dr. Kaufman's records states that she had been having pain in her neck, back, hips, and shoulders since March 2018.

On November 1, 2018, Ms. Gibson filed a disputed claim that put Walmart on notice of her claim. On November 8, 2018, she signed an "Associate Incident Report," which listed June 3, 2018 as the date of the accident, instead of June 1, 2018. According to Janice Fortia, the personnel coordinator for the Walmart store, Ms. Gibson did not work on either June 1, 2018 or June 3, 2018.

On April 22, 2019, Walmart filed a motion for summary judgment, arguing that Ms. Gibson did not satisfy her evidentiary burden of proving that the alleged workplace accident occurred. Ms. Gibson filed an opposition in which she contended that there were genuine issues of material fact as to the actual date of the accident, and Ms. Gibson's co-workers' recollections of events.

After an evidentiary hearing on July 15, 2019, the Workers' Compensation Judge ("WCJ") issued a judgment on July 30, 2019 granting Walmart's motion for

summary judgment, and dismissing Ms. Gibson's claim, with prejudice. Ms. Gibson appealed the judgment.

**DISCUSSION**

Ms. Gibson has one general assignment of error: The WCJ committed reversible error in making a factual determination when there existed disputed material issues of fact, and granting Walmart's motion for summary judgment based upon those facts.

**Standard of Review**

"Ordinarily, in workers' compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the 'manifest error-clearly wrong' standard." *Steinfelds v. Villarubia*, 10-0975, p. 4 (La. App. 4 Cir. 12/15/10), 53 So.3d 1275, 1278 (quoting *Dean v. Southmark*, 03-1051, p. 7 (La. 7/6/04), 879 So. 2d 112, 117). "However, because the issues before us have been raised in a summary judgment proceeding, we must review the ruling *de novo*, using the same criteria applied by the OWC." *Id*. "A motion for summary judgment shall be granted if the motion, memorandum, and supporting document show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

**Burden of Proof**

La. C.C.P. art. 966(D)(1)governs the mover's burden on a motion for summary judgment:

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the

4

adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

"To recover in a workers' compensation action, the claimant must establish 'personal injury by accident rising out of and in the course and scope of his employment.'" *Lenig v. Textron Mar. & Land Syst.,* 13-0579, p. 6 (La. App. 4 Cir. 8/7/13), 122 So.3d 1097, 1100. "In this context, an accident is 'an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.'" *Id*. (quoting La. R.S. 23:1021(1))

First, Ms. Gibson contends there are disputed issues of material fact regarding the date of her injury that would preclude summary judgment. Walmart asserts that Ms. Gibson did not sustain an injury because there is no proof of the actual date of her alleged injury.

In her November 1, 2018 disputed claim form, Ms. Gibson stated that the accident occurred on the morning of June 1, 2018. She further alleged that she reported the accident two days later to a department manager. Although Ms. Gibson had an appointment with Dr. Russo on June 1, 2018, there is nothing in the record documenting that she had injured herself that day. In her Incident Report on November 8, 2018, Ms. Gibson listed the accident date as June 3, 2018. In her February 4, 2019 deposition, Ms. Gibson testified that the accident occurred

5

between 7:00 a.m. and 9:00 a.m. on June 3, 2018. She was "positive" that the accident happened on a weekday. When advised that June 3rd was a Sunday, she acknowledged that she was "not really sure what the date was."

According to Janice Fortier, the personnel coordinator for the Walmart store, Ms. Gibson did not work on June 1, 2018 or June 3, 2018. Considering our finding below, we conclude that whether the alleged accident occurred on June 1 or June 3 or some other day is not relevant to our determination herein. *See Lenig*, 13-0579, pp. 56, 122 So.3d at 1100.

This argument has no merit.

Ms. Gibson's second contention is that there are disputed issues of material fact because of the witness testimony of Ms. Gardner and Ms. Kelly.

The Louisiana Supreme Court has stated:

> An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment if the employee an satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. "[C]orroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence.

*Lenig*, 13-0579, p. 6, 122 So.3d at 1100, 1101 (quoting *Bruno v. Harbert, Int'l, Inc.,* 593 So. 2d 357, 361 (La. 1992))

Ms. Gibson relies on the testimony of Ms. Gardner and Ms. Kelly, who Ms. Gibson says were present at the accident.

Shawanda Gardner, a department manager at Walmart, executed an affidavit in which she attested that she had no knowledge of an accident that allegedly occurred in June 2018 after Ms. Gibson returned to work, in which Ms. Gibson

6

allegedly injured herself picking up a box at work. Trellis Kelly, another department manager, attested that she had no knowledge of any incident when Ms. Gibson claimed to have been injured or felt pain while lifting a box at work in June 2018. Neither Ms. Gardner nor Ms. Trellis had any recollection of Ms. Gibson asking for assistance regarding her job duties as the result of any injury, and did not provide any such assistance to Ms. Gibson.

Although Ms. Gibson testified that she reported the incident within two days Ms. Fortias stated in her affidavit that Ms. Gibson did not report that she had sustained an injury lifting a box at work until on or about November 8, 2018, when she completed the "Associate Incident Report, claiming she was injured on June 3, 2018, lifting a box.

As for medical evidence, Dr. Russo's notes of June 1, 2018 refer to complaints of "nonspecific" hip and shoulder pain, but make no mention of any work-related accident on that date. When Ms. Gibson saw Dr. Russo again on July 25, 2018, two months after her alleged accident, she reported complaints of "generalized achiness," as mentioned on June 1, but now claimed that they were due to lifting a box at work. Dr. Russo's July 25, 2018 notes state:

> Patient now states this is a new work injury but there has been no confirmation that this is a true workmen's compensation so we will proceed as if it is not a workmen's compensation issue until told otherwise. Her treatment remains the same regardless. We will allow her to have 1-2 weeks off of work to get this under control with anti-inflammation and therapy. . . . [I] would not recommend any future procedures given symptoms and findings.

Dr. Russell's notes also state the following regarding Ms. Gibson's claim that her entire body hurt:

7

The patient was evaluated today for her MRI results. They demonstrate an abnormality in her brain that was noted back in 2015 but appears stable yet still present. We will have her see a neurologist as soon as possible to further delineate this lesion and to assess if it is causing any effect on her current symptoms of whole body pain. She also has signs and symptoms of upper cervical disc degeneration possibly causing some level of spinal stenosis or radiculopathy. These are consistent with her feeling of her entire body hurting and different patterns.

Dr. Russo referred Ms. Gibson to Dr. Joshua Kaufman at Louisiana Pain Specialists. On October 16, 2018 Dr. Kaufman examined Ms. Gibson, who mentioned that she had an alleged work accident. Dr. Kaufman noted that "she had has been experiencing this pain for several years." Contrary to Ms. Gibson's claim that she was "back to normal" when she returned to work in June, a "pain management questionnaire" contained in Dr. Kaufman's records states that Ms. Gibson had been having pain in her neck back, hips, and shoulders since March 2018. Dr. Russo's and Dr. Kaufman's records show that Ms. Gibson's symptoms developed before the alleged accident date. Dr. Kaufman reported that Ms. Gibson had been involved in multiple work-place accidents, the first one 2015. Dr. Kaufman agreed with Dr. Russell that Ms. Gibson's "whole body pain" may be related to an abnormal lesion on her brain, which was noted in 2015.

Walmart has satisfied the burden of pointing out the absence of factual support as to the element of "work-related injury. Ms. Gibson's testimony alone will not be sufficient for her to bear her burden of proof at trial that she sustained a work-related injury. An affidavit or a deposition from a co-worker may have sufficed. Medical records or testimony may have established causation between her alleged injury and her alleged work-place accident. As it stands, however, Ms.

8

Gibson's deposition, her co-workers' testimony, and her medical records and treating physician's testimony preclude her from creating a genuine issue of fact concerning an essential element of her claim -- whether she sustained a work-related injury. *Shelvin v. Intralox, L.L.C.*, 06-1418, pp. 10-11 (La. App. 4 Cir. 5/9/07), 957 So.2d 852, 858.

This second argument is without merit.

For the foregoing reasons, we affirm the judgment of the WCJ.

**AFFIRMED**