STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 22-594 consolidated with WCA 22-595, WCA 22-596

TRINIDAD PRECIADO

VERSUS

BEAUCOUP CRAWFISH OF EUNICE

LA RESTAURANT ASSOCIATION SIF

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 21-03987 C/W 21-03989 & 21-03992
ANTHONY PAUL PALERMO, WORKERS' COMPENSATION JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Candyce G. Perret, Charles G. Fitzgerald, and Guy E.
Bradberry, Judges.

**AFFIRMED.**

**Kevin Andrew Marks**
**Kent W. Patterson**
**Melchiode, Marks, King, LLC**
**639 Loyola Ave., Suite 2550**
**New Orleans, LA 70113**
**(504) 336-2880**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Beaucoup Crawfish of Eunice d/b/a Riceland and**
    **LA Restaurant Association Self-Insurer's Fund**

**Randall E. Estes**
**Daniel B. Davis**
**Estes Davis Law, LLC**
**4465 Bluebonnet Boulevard, Suite A**
**Baton Rouge, LA 70809**
**(225) 336-3394**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Trinidad Preciado**
    **Nora Dominguez**
    **Josefa Leal**

**BRADBERRY, Judge.**

In this consolidated matter, Plaintiffs Trinidad Preciado, Josefa Leal, and Nora Dominguez appeal the decision of the workers' compensation judge below granting summary judgment in favor of Beaucoup Crawfish of Eunice d/b/a/ Riceland and the LA Restaurant Association Self-Insurer's Fund, and dismissing their claims for workers' compensation with prejudice. For the following reasons, we hereby affirm the decision of the workers' compensation judge.

The three Plaintiffs were all immigrant workers being recruited to work at Beaucoup's Eunice facility as crawfish peelers. As part of the yearly job application process, potential workers were contacted to gauge their interest in the temporary employment, and Beaucoup began to process H-2B visas for those interested. Applicants would then travel to a United States consulate in Mexico to obtain the required work visas. If the visas were obtained, the workers would travel to the border and on to Eunice, Louisiana, to the Beaucoup facility to complete the application process. Transportation was via bus hired by Beaucoup as a courtesy to make travel easier, and if a worker completed fifty or seventy-five percent of their contract, per diem travel expenses were given to the workers upon their return across the border. Each of the Plaintiffs had completed this process and worked for Beaucoup before, with their employment ending at the end of each crawfish season. The Plaintiffs would then return to Mexico as dictated by the visa requirements.

On March 12, 2021, the bus carrying the workers was owned and operated by a company called U.S. Prolean. The bus was to travel to the United States consulate in Monterrey, Mexico, in order for the Plaintiffs to obtain their visas, then continue on to the United States and Beaucoup. Meals and any hotel

accommodations required en route were paid for by Prolean. However, the Prolean bus never reached the consulate, as it rear ended another vehicle in Coahuila, Mexico, causing various injuries to the Plaintiffs. Ms. Preciado was the most seriously injured Plaintiff. She was hospitalized with broken ribs and soft tissue injuries to her back and neck, and she spent roughly one month recuperating in a hotel room. Both her hospital bills and hotel were paid for by Prolean.

Plaintiffs then all filed the current workers' compensation claims, alleging they sustained their injuries while in the course and scope of employment with Beaucoup. Beaucoup answered and filed a motion for summary judgment, asserting that no employment relationship had been established, as Plaintiffs had not completed the hiring process. The workers' compensation judge below agreed, granting Beaucoup's motion for summary judgment and dismissing Plaintiffs' claims with prejudice. From that decision, Plaintiffs appeal.

Plaintiffs assert one assignment of error on appeal, claiming the workers' compensation judge erred in granting the motion for summary judgment and dismissing their claims, as they allege Beaucoup interested itself in their transportation. We disagree.

The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's

burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

Appellate courts review the grant or denial of a motion for summary judgment de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Samaha v. Rau*, 07-1726, p. 4 (La. 2/26/08), 977 So.2d 880, 882-83; La.Code Civ.P. art. 966(A)(3).

"To recover in a workers' compensation action, the claimant must establish 'personal injury by accident arising out of and in the course and scope of his employment.'" *Lenig v. Textron Mar. & Land Sys.*, 13-579, p. 6 (La.App. 4 Cir. 8/7/13), 122 So.3d 1097, 1100, *writ denied*, 13-2123 (La. 11/22/13), 126 So.3d 487 (quoting La.R.S. 23:1031(A)). The determination of whether an injury occurred in the course and scope of employment is a mixed question of law and fact. *J.C. on Behalf of N.C. v. St. Bernard Par. Sch. Bd.*, 21-111 (La.App. 4 Cir. 2/4/22), 336 So.3d 92, *writ denied*, 22-372 (La. 4/26/22), 338 So.3d 1183.

Under the Workers' Compensation Act, employers are responsible for compensation benefits to employees only when the injury results from an accident "arising out of and in the course of his employment." La. R.S. 23:1031; *O'Regan v. Preferred Enterprises, Inc.*, 98–1602 (La.3/17/00), 758 So.2d 124; *Mundy v. Department of Health and Human Resources*, 593 So.2d 346 (La.1992). The requirement that an employee's injury occur "in the course of" employment focuses on the time and place relationship between the injury and the employment. *Weber v. State*, 93–0062 (La.4/11/94), 635 So.2d 188; *Williams v. Regional Transit Authority*, 546 So.2d 150 (La.1989). An accident occurs in the course of employment when the

3

employee sustains an injury while actively engaged in the performance of his duties during work hours, either on the employer's premises or at other places where employment activities take the employee. *Mundy*, 593 So.2d at 349. The requirement that an employee's injury "arise out of" the employment relates to the character or origin of the injury suffered by the employee and whether this injury was incidental to the employment. *Williams*, 546 So.2d at 161.

Generally, injuries sustained by an employee while traveling to and from work are not considered to have occurred within the course and scope of his employment, and thus, are not compensable under the Workers' Compensation Act. *Stephens v. Justiss–Mears Oil Co.*, 312 So.2d 293 (La.1975); W. Malone & H. Johnson, 13 *Louisiana Civil Law Treatise—Workers Compensation* § 168 (4th ed.2002). This rule, often called the "going-and-coming rule," is premised on the theory that, ordinarily, the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. *Phipps v. Bruno Const.*, 00–0480 (La.App. 3 Cir. 11/2/00), 773 So.2d 826 (citing *Yates v. Naylor Industrial Services, Inc.*, 569 So.2d 616, 619 (La.App. 2 Cir.1990), *writ denied*, 572 So.2d 92 (La. 1991)). Furthermore, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination. *Orgeron ex rel. Orgeron v. McDonald*, 93–1353 (La.7/5/94), 639 So.2d 224, 227.

*McLin v. Indus. Specialty Contractors, Inc.*, 02-1539, pp. 4-5 (La. 7/2/03), 851 So.2d 1135, 1139-40.

It is clear that Plaintiffs' injuries did not occur while they were engaged in the performance of duties during work hours, nor while on the employer's premises or at other places where employment activities take the employee. The accident at issue was a bus crash occurring in Mexico while Plaintiffs were attempting to obtain visas to be able to enter the Unites States to work. However, Plaintiffs cite *Johnson v. Templeton*, 99-1274 to 99-1279 (La.App. 3 Cir. 3/29/00), 768 So.2d 65, *writs denied*, 00-1912, 00-1930 (La. 8/31/00), 766 So.2d 1285, 1286, *and writ denied*, *Schaefer v. Templeton*, 00-1235 (La. 8/31/00), 766 So.2d 1276, for the proposition that they were in the course and scope of their employment with

4

Beaucoup because they allege Beaucoup "interested itself in their transportation" to Monterrey to obtain visas and into America thereafter. However, we find *Johnson* distinguishable for multiple reasons.

This court in *Johnson* noted "[i]t is well settled jurisprudence where transportation is furnished *as an incident of employment*, either through a vehicle or payment of expenses, *and where wages are paid for the time spent traveling*, the employee is engaged in the course and scope of employment." *Id.* at 71 (emphasis ours). The record is clear that no wages were paid to Plaintiffs by Beaucoup in the 2021 work year at all, let alone for the time travelling to Monterrey. More crucially, the *Johnson* court discussed incidents wherein the employer "interested itself in the transportation *of its employees* by providing a vehicle, driver and paying travel expenses to *its employees*." *Id.* (emphasis ours). In other words, *Johnson* dealt with issues surrounding "on the books" employees, whereas here, it is clear that Plaintiffs had not yet established an employer-employee relationship and become employees of Beaucoup for the 2021 work season.

In *Bolden v. Tisdale*, 21-224, p. 13 (La. 1/28/22), 347 So.3d 697, 708, the Louisiana Supreme Court noted that "[t]he single most important factor to consider in deciding whether the employer-employee relationship exists, for purposes of La. C.C. art. 2320, is the right of the employer to control the work of the employee." That court further stated:

> The four primary evidentiary factors considered in deciding whether such an employer-employee relationship exists relate to whether the alleged employer has the right or duty, relative to the employee, of: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control. *Hillman v. Comm-Care, Inc.*, 01-1140, p. 8 (La. 1/15/02), 805 So.2d 1157, 1162. However, no one factor is controlling; rather, the totality of the circumstances must be

5

considered, and the burden of proof is on the party seeking to establish an employer-employee relationship. *Hillman*, 01-1140 at pp. 8-9, 805 So.2d at 1163.

*Id.*

The record before us shows that none of the four *Hillman* factors were completely met to establish a fully-vested employer-employee relationship. First, while Beaucoup reached out to Plaintiffs concerning prospective employment, it is uncontroverted that an H-2B visa was required before Plaintiffs could begin work for Beaucoup. Without the required visa, Plaintiffs could not enter the country and employment would be legally and physically impossible. The accident at issue occurred prior to this fundamental, baseline requirement of their employment could be met. Further, Beaucoup representative Ashley Scully testified that an employment relationship was not created with the company until the visas had been obtained, the potential applicants crossed the border into the United States, reached Beaucoup's Eunice facility, and completed the hire packets for each year. None of Plaintiffs ever reached Beaucoup's facility in Eunice in 2021 and no employment packets were completed for any of Plaintiffs for that year. In fact, counsel for Plaintiffs stipulated at the hearing on the summary judgment that Plaintiffs "had not yet signed on the dotted line of the contract" prior to the accident occurring. Thus, Plaintiffs did not complete the selection and engagement prong of *Hillman,* 805 So.2d 1157.

Moreover, it is uncontroverted that no wages were paid to any of Plaintiffs in 2021. Again, none of Plaintiffs ever arrived at Beaucoup's facilities in 2021 to work.[1] Accordingly, Beaucoup never had the ability to control or dismiss Plaintiffs,

---

[1] Plaintiff Preciado eventually obtained her visa and made her way to the Lafayette area, but she spent that time employed by a laundromat, rather than by Beaucoup.

as they never arrived at any Beaucoup jobsite to begin work in the first place. Simply put, the totality of the circumstances do not show an employer-employee relationship existed at the time of the accident between Beaucoup and Plaintiffs. Therefore, the workers' compensation judge did not err in granting summary judgment.

For the above reasons, the decision of the workers' compensation judge granting summary judgment in favor of Beaucoup and dismissing the claims of Plaintiffs is hereby affirmed. Costs of this appeal are hereby assessed against Plaintiffs.

**AFFIRMED.**